**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF**
**ARKANSAS FORT SMITH DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | No. **2:18-CR-20010-003** |
| | ) | |
| **DYLAN JOSEPH DEMPSEY**, | ) | |
| Defendant | ) | |

**DEFENDANT'S SENTENCING MEMORANDUM**

COMES NOW the Defendant, Dylan Joseph Dempsey, by attorney, Aubrey L. Barr and for her memorandum, states:

I.

The Defendant may testify and anticipates his testimony will take no more than ten minutes. No other witnesses are expected for the defense. The undersigned believes this sentencing hearing should take less than thirty (30) minutes.

II.

Neither the Government nor the Defendant had any objection to the Presentence Investigation Report (hereinafter PSR).

III.

The Defendant specifically argues that the Court should run the sentence in the instant case concurrent with his undischarged term of imprisonment of 151 months in his case out of the Eastern District of Oklahoma, Docket No.: 6:18-CR-00023-004. According to USSG § 5G1.3D, the Court has the discretion to run the sentence for the instant offense concurrently to an undischarged term of imprisonment in order to

achieve a reasonable punishment for the instant offense. The application notes indicate that the Court should consider the factors set forth in 18 U.S.C. §3553(a), the type and length of the prior undischarged sentence, the time served on the undischarged sentence and the time likely to be served before release, the fact that the prior undischarged sentence maybe have been imposed in state court rather than federal court, or at a different time before the same or different federal court, and any other circumstance relevant to the determination of an appropriate sentence for the instant offense.

### III.

Mr. Dempsey reported first using marijuana at 12 years of age and methamphetamine at 15 years of age. He also reported both mental health and substance abuse intervention around the same age, but none since that time, meaning that his drug addiction has continued for more than nine years. In addition, Mr. Dempsey reported that the only job he's ever worked was with Logistics Warehouse in 2017, which he held for no more than one week. Mr. Dempsey's efforts to sell methamphetamine are a product of his early addiction to drugs, which may be considered as part of the nature and circumstances of the offense, and his drug addiction may be considered as part of his history and characteristics under 18 U.S.C. § 3553(a).

### IV.

It is undisputed that Mr. Dempsey was sentenced to 151 months, an undischarged term of imprisonment, in his federal case out of the Eastern District of Oklahoma. Directly after sentencing in that case, Mr. Dempsey was transported to the

Western District of Arkansas to face his charges in the instant case. Both cases involved conspiracy to distribute methamphetamine, and Mr. Dempsey's guideline range in the instant case is 151 months to 188 months imprisonment. In the interest of judicial economy and in consideration of the factors listed above, Mr. Dempsey requests that the Court impose the sentence in the instant case to run concurrently with his undischarged term of imprisonment from the Eastern District of Oklahoma case, and to sentence Mr. Dempsey to a sentence below the advisory guideline range.

VII.

Mr. Dempsey requests the Court recommend him to be placed in a drug treatment program, based on his lengthy history of substance abuse.

CONCLUSION

Therefore, Mr. Dylan Joseph Dempsey, for reasons stated in this memorandum, respectfully requests that the Court to impose a sentence below the advisory guideline range to run concurrent with his sentence in the Eastern District of Oklahoma.

DYLAN JOSEPH DEMPSEY, DEFENDANT

AUBREY L. BARR
Attorney at Law
P.O. Box 2224
Fort Smith, AR 72902-2224
(479) 785-0123
(479) 785-4518 Fax
Ark. Bar I.D. #2010170

By:    /s/ *Aubrey L. Barr*
       Aubrey L. Barr
       Attorney for Defendant

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 22nd 2019, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the following:

Candace Taylor
Assistant U.S. Attorney
414 Parker Avenue
Fort Smith, AR 72901
Candace.Taylor@usdoj.gov                    /s/ *Aubrey L. Barr*___
                                            Aubrey L. Barr